1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11 | JONATHAN O. D.,

Case No.  CV 22-05966-RAO

12 |           Plaintiff,

13 |    v.

**MEMORANDUM OPINION AND ORDER**

14 | COMMISSIONER OF SOCIAL

15 | SECURITY,
              Defendant.

16

17 | **I.**   **INTRODUCTION**

18        Plaintiff Jonathan O. D.[1] ("Plaintiff") challenges the Commissioner's denial

19 of his application for supplemental security income ("SSI").  For the reasons stated

20 below, the decision of the Commissioner is **REVERSED**.

21 | **II.**   **SUMMARY OF PROCEEDINGS**

22        On February 28, 2020, Plaintiff filed an application for SSI, alleging disability

23 beginning May 1, 1994.  (AR 60).  On May 1, 2020, his application was denied.

24 (AR 83).  Plaintiff's application was denied again upon reconsideration on July 14,

25

---

26 [1] Plaintiff's name is partially redacted in compliance with Federal Rule of Civil

27 Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United

28 States.

2020.  (AR 95).  On August 10, 2020, Plaintiff filed a written request for a hearing. (AR 101).   On September 23, 2021, a telephonic hearing was held on the Commissioner's denial of Plaintiff's application at which an impartial vocational expert testified.  (AR 38-59).  On October 27, 2021, the ALJ denied Plaintiff's claim for benefits because he was not disabled within the meaning of 42 U.S.C. § 1614(a)(3)(A).  (AR 18-30).  On November 2, 2021, Plaintiff filed an administrative appeal.  (AR 226-28).  On June 28, 2022, Plaintiff's appeal was denied. (AR 1-6).  On August 23, 2022, Plaintiff filed this action.  (Dkt. No. 1).

The ALJ analyzed whether Plaintiff was disabled under § 1614(a)(3)(A) of the Social Security Act.  The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" or combination of impairments lasting twelve or more months. *Id.*

Pursuant to 20 C.F.R. § 416.920(a) (2023), the ALJ followed the familiar five-step sequential analysis for determining whether an individual is disabled within the meaning of the Social Security Act.  At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since February 28, 2020.  (AR 23).  At **step two**, the ALJ determined that Plaintiff had two severe impairments: schizophrenia and personality disorder.  (*Id.*)  At **step three**, the ALJ found that Plaintiff's combined impairments did not equal the severity of impairments listed in 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.  (AR 25).  Before proceeding to step four, the ALJ found that Plaintiff possessed the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with a few non-exertional limitations: understand, remember, and carry out simple instructions that have been well-explained; able to adapt to minimal changes in work setting; no public contact; and low-stress environment.  (AR 26).  At **step four**, the ALJ found that Plaintiff has no past relevant work.  (AR 29).  At **step five**, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there

1  are jobs that exist in significant numbers in the national economy that Plaintiff could

2  perform.  (*Id.*).  Accordingly, the ALJ concluded Plaintiff had not been under a

3  disability from February 28, 2020, through the date of the ALJ's decision.  (AR 30).

4  **III.   STANDARD OF REVIEW**

5          Under 42 U.S.C. § 405(g), a district court may review the Commissioner's

6  decision to deny benefits.  A court must affirm an ALJ's findings of fact if they, when

7  applied against proper legal standards, are supported by substantial evidence.  *Mayes*

8  *v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).  "Substantial evidence . . . is

9  'more than a mere scintilla[,]' . . . [which] means—and means only—'such relevant

10 evidence as a reasonable mind might accept as adequate to support a conclusion.'"

11 *Biestek v. Berryhill*, —U.S. —, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019)

12 (citations omitted); *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

13 Substantial evidence is shown "by setting out a detailed and thorough summary of

14 the facts and conflicting clinical evidence, stating his interpretation thereof, and

15 making findings."  *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation

16 omitted).

17         "[T]he Commissioner's decision cannot be affirmed simply by isolating a

18 specific quantum of supporting evidence.  Rather, a court must consider the record

19 as a whole, weighing both evidence that supports and evidence that detracts from the

20 Secretary's conclusion."  *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001)

21 (citations and internal quotations omitted).  "'Where evidence is susceptible to more

22 than one rational interpretation,' the ALJ's decision should be upheld."  *Ryan v.*

23 *Comm'r of Soc. Sec.,* 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*,

24 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins v. Soc. Sec. Admin.,* 466 F.3d 880,

25 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the

26 ALJ's conclusion, we may not substitute our judgment for that of the ALJ.").

27         ///

28         ///

IV.   **DISCUSSION**

Plaintiff contends that the ALJ failed to properly credit Dr. Paul Rogers' opinion and that the ALJ's RFC determination is not supported by substantial evidence. (Joint Stipulation ("JS"), Dkt. No. 21).

The Court agrees.

A. <u>Dr. Rogers' Opinion</u>

The ALJ's decision noted that Plaintiff's treating physician, Dr. Rogers, provided a statement dated June 22, 2020, regarding Plaintiff's mental capacity assessment. (AR 27; AR 387-89). Dr. Rogers' statement indicated that Plaintiff has a diagnosis of paranoid schizophrenia and antisocial personality disorder. (AR 387). The statement noted that Plaintiff had mild limitations in following one- or two-step oral instructions to carry out tasks and maintaining personal hygiene and attire appropriate for a work setting. (AR 387-88). Plaintiff had moderate limitations in initiating and performing tasks he knows how to do and adapting to changes. (*Id*.). Dr. Rogers' statement indicated Plaintiff had marked limitations in several categories, including in recognizing and correcting mistakes or identifying and solving problems, sequencing multi-step activities, using reason and judgment to make work-related decisions, working at an appropriate and consistent pace, completing tasks in a timely manner, sustaining an ordinary routine and regular attendance at work, working full days without needing more than the allotted number or length of rest periods throughout the day, managing psychologically based symptoms, distinguishing between acceptable and unacceptable work performance, setting realistic goals, making plans independently of others, having awareness of normal hazards and taking appropriate precautions, cooperating with others or asking for help, handling conflict, responding to criticism or challenges, and keeping social interactions without excessive irritability, sensitivity, argumentativeness, or suspicion. (*Id*.)  He had extreme limitations in being able to ignore or avoid distractions while working, work close to or with others without interrupting or

distracting them, and understand and respond to social cues.  (*Id.*).

Dr. Rogers' assessment also indicated that Plaintiff experiences auditory and visual hallucinations that prevent him from interacting with peers and authority, and that irritability and delusions contribute to his numerous charges of physical aggression and assault.  (*Id.* at 389).  Dr. Rogers opined that he is "doubtful [Plaintiff] possesses the independent living skills to manage benefits and has no history of doing so."  (*Id.*).

Medical records from March 2020 through August 2021 of appointments with Dr. Rogers consistently noted that Plaintiff "has ongoing psychiatric symptoms that impact functioning in occupational, economic, housing, and social domains" and "requires ongoing specialized, multidisciplinary mental health services to maintain current level of functioning and to prevent decline in functioning."  (*See, e.g.*, AR 391, 401, 409, 418, 425, 437).  Throughout these appointments, Plaintiff reported that he continued to hear voices, though this was more manageable and less severe than before.  (*See, e.g.*, AR 400, 408, 417).  He sometimes reported delusions.  (AR 436).  His orientation was often alert and his mood mildly dysthymic with relatively restricted affect.  (AR 408, 425, 436).  His thought process was logical, linear, and goal directed, his insight and judgment intact, and impulse control adequate.  (AR 425, 437, 446).  He continued to take his medications, including Haldol injections.  (AR 409, 425, 437, 447).

B. <u>Analysis</u>

In determining whether to credit a treating physician's medical opinion, courts weigh several factors: (1) supportability; (2) consistency; (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining relationship; (4) specialization; and (5) other factors.  20 C.F.R. § 416.920c.  Supportability and consistency are the most important factors in determining whether a medical opinion is persuasive.  As such, an ALJ must explain

how he weighed them.  20 C.F.R. § 416.920c(b)(2).

The ALJ may decline to find the treating physician's opinion controlling, but he must give "'specific, clear[,] and convincing'" reasons as to why.  *Crose v. Berryhill*, 737 F. App'x 333, 334-35 (9th Cir. 2018).  Here, the ALJ's analysis of Dr. Rogers' opinion was as follows:

> I find Dr. Rogers' opinions unpersuasive.  As the claimant's treating physician, Dr. Rogers is uniquely qualified and situated to offer an opinion regarding the claimant's functional limitations.  However, this opinion is not consistent with or supported by the longitudinal evidence of record, including Dr. Rogers' own notes and treatment of the claimant, which reflect that the claimant's condition is stable on medication.  Dr. Rogers found the claimant to have normal mental status examinations, with only mild abnormalities in the claimant's mood/affect.

(AR 28).

The ALJ's analysis of the factors listed in 20 C.F.R. § 416.920c(b)(2) is insufficient.  It does not explain *how* Dr. Rogers's opinion is unsupported, nor does it explain how it is inconsistent with other evidence.  It merely states that it *is*. *Hannah F. v. Kijakazi*, No. 21-693, 2022 WL 2102885, at *4 (C.D. Cal. Jan. 21, 2022); *Robert D. v. Kijakazi*, No. 20-2132, 2021 WL 5905734, at *5-8 (S.D. Cal. Dec. 14, 2021); *see Steele v. Saul*, 520 F. Supp. 3d 1198, 1209 (D. Alaska 2021) (citing only two pieces of evidence as grounds for rejecting a medical opinion for lack of supportability is "not legitimate" reasoning); *Loriel C. v. Saul*, No. 19-0316, 2020 WL 4340742, at *15 (E.D. Wash. July 8, 2020) (finding insufficient the ALJ's conclusory statement that Plaintiff's daily activities were inconsistent with medical doctor's opined limitations); *see also Delgadillo v. Comm'r of Soc. Sec. Admin.*, __ F. Supp. 3d __, 2022 WL 17038552, at *5 (D. Az. Nov. 17, 2022) (accepting the ALJ's analysis of the consistency factor because the ALJ compared the details of the plaintiffs' physicians' notes to the notes of State Consultants' and explained that while the Consultants' notes contained "sufficient support for their opinion, including

an explanation and citation to the record," the physicians' notes were "standard, two-page, check-box form assessments" that contained "little to no explanation as to *why* they made such restrictive findings").

The ALJ's analysis does not give specific, clear, and convincing evidence as to why he rejected Dr. Rogers' medical opinion because the only evidence he cites is "Dr. Rogers' own notes and treatment of the claimant" generally (AR 28). *See Hannah F.*, 2022 WL 2102885, at *4 ("briefly referenc[ing] some aspects of [doctor's] report" is insufficient to explain how the ALJ considered supportability and consistency). Although Plaintiff has been treated by Dr. Rogers over a lengthy period of time, the ALJ fails to identify which notes are inconsistent with his own medical opinion. (*See, e.g.*, AR 359-66 (Jan. 7, 2020), 387-89 (June 22, 2020), 400 (June 29, 2020), 408 (Sept. 21, 2020), 417 (Dec. 14, 2020), 425 (Feb. 9, 2021), 436 (May 4, 2021), 446 (Aug. 3, 2021)).

The ALJ's analysis also lacks review of the entire record. The ALJ mentions Dr. Rogers' notes claiming Plaintiff is "stable on medication" with "normal mental status examinations" and "only mild abnormalities in [Plaintiff's] mood/affect," (AR 28), but neglects to analyze the numerous notes that would challenge the ALJ's final determination: Plaintiff experiences disorganized thinking and speech, catatonic behaviors, inappropriate affect, and psychotic symptoms, including the voices of ghosts, visual hallucinations, and delusional ideations involving people taking his spirit and muscle tissue (AR 387); Plaintiff's symptoms "significantly impair thinking, perception of reality, emotional process, judgment[,] and behavior" (AR 388); and physical aggression and assault charges because of irritability and delusions (AR 389). Dr. Rogers noted multiple times Plaintiff consistently hears voices, (AR 400, 408, 417), and "requires ongoing specialized, multidisciplinary mental health services to maintain current level of functioning and to prevent decline in functioning." (AR 401, 409, 425, 437, 446). *See Hannah F.*, 2022 WL 2102885, at *4 (holding a doctor's "essentially unaddressed findings and opinions may well be

1  inconsistent with the ALJ's conclusion").

2       The Court concludes that the ALJ's decision is not supported by substantial

3  evidence.   The Court further concludes that remand for further administrative

4  proceedings is appropriate, as further administrative review could remedy the ALJ's

5  error.  *See Robert D.*, 2021 WL 5905734, at *5 (remanding for ALJ's failure to

6  articulate his supportability and consistency analyses); *Brown-Hunter v. Colvin*, 806

7  F.3d 487, 495 (9th Cir. 2015).  On remand, the ALJ shall review the opinion of Dr.

8  Paul Rogers, the acceptance of which may result in satisfaction of "paragraph B"

9  criteria.  The ALJ may then reassess steps three, four, and five.

10  **IV.   CONCLUSION**

11       IT IS ORDERED that Judgment shall be entered **REVERSING** the decision

12  of the Commissioner denying his SSI request and **REMANDING** the matter for

13  further proceedings consistent with this Order.

14       IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

15  Order and the Judgment on counsel for both parties.

16

17

18  DATED:  July 25, 2023                     /s/

19                         ROZELLA A. OLIVER

20                         UNITED STATES MAGISTRATE JUDGE

21                       **NOTICE**

22  **THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW,**

23  **LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**

24

25

26

27

28